UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>      Plaintiff,<br><br>v.<br><br>BROOKLYN CENTER PD, HENNIPEN COUNTY JAIL, HENNIPEN COUNTY MEDICAL CENTER, individually officers BRIAN ROBERT BRUCE, GARRETT FLESLAND, and MIKE REYNOLDS,<br><br>      Defendants. | Civil No. 11-1303 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue the Police Department for the City of Brooklyn Center, Minnesota, and several individuals who apparently are (or were) Brooklyn Center police officers. She is also attempting to sue the "Hennipen County Jail," and the "Hennipen County Medical Center." It appears that Plaintiff might be trying to bring a civil rights action against the named Defendants under 42 U.S.C. § 1983.[1]

---

[1] The Court notes, however, that the "Civil Cover Sheet" filed with Plaintiff's complaint indicates that she is attempting to sue Defendants for "Assault, Libel and

The "Statement of Claim" section of Plaintiff's complaint, which contains all of the substantive allegations offered in support of Plaintiff's claims, states as follows:

"7.   April 29, 2001 I Courtney Richmond was cavity searched at the motel 6 in the City of Brooklyn Center by the defendants listed.  Without a warrant from a Judge or a nurse present to do a cavity search.
  8.   I arrived at hennipen [sic] county jail April 29, 2001 and requested to see the Doctor because of pain I was having in my rectum area.  I was not seen by a doctor until the fifth of May as indicated on my medical note.
  9. My attorneys requested my medical note from the Jail and also from the Hospital. The hospital said the doctor never brought his note over to the hospital he worked for and said he should have.
  10.  Mental anguish
  11.  Depression
  12.  Surgery."

(Complaint, [Docket No. 1], p. 4 and attachment.)

Plaintiff's complaint alleges no other facts, nor does it identify any legal basis for this lawsuit.  In addition, Plaintiff has not described the relief (if any) that she is seeking in this action.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623

---

Slander."  If that is indeed the true nature of the lawsuit that Plaintiff is attempting to bring against the named Defendants, then this action must be summarily dismissed for lack of subject matter jurisdiction, because in the absence of diversity of citizenship, (which clearly does not exist here), state common law tort claims for assault, libel and slander could not be entertained in federal court.

F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is trying to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (to establish liability in a civil rights action, there must be "a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution).

Plaintiff's present attempt to sue the named Defendants under § 1983 is fatally defective for several reasons. First, the complaint never even mentions the Constitution or any constitutional rights. (See Complaint, p. 3, § 4.) For this reason alone, Plaintiff has failed to plead an actionable § 1983 claim.

More importantly, Plaintiff's complaint does not allege any specific facts showing that any of the named Defendants did anything that could be viewed as a violation of her constitutional rights. Indeed, none of the individual Defendants is even mentioned in any of the substantive allegations of the complaint.

The complaint refers to a jail and a hospital, which presumably are Defendants Hennepin County Jail and Hennepin County Medical Center. However, the complaint does not describe anything that either of those Defendants did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights.[2] Again, none of the other named Defendants is mentioned in the substantive allegations of the complaint, and there certainly are no allegations describing any specific acts or omissions by any of those other Defendants that could be viewed as a violation of Plaintiff's constitutional rights. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

Finally, the Court notes that Plaintiff's lawsuit is based on events that allegedly occurred more than ten years ago. However, the statute of limitations for § 1983 actions brought in Minnesota is six years. Egerdahl v. Hibbing Community College, 72 F.3d 615,

---

[2] The Court notes that Hennepin County Jail appears to be merely the name of a detention facility, and not a cognizable legal entity that is suable as such. See De La Garza v. Kandiyohi County Jail, Correctional Institution, No. 01-1966 (8th Cir. 2001) 2001 WL 987542 (unpublished opinion) (upholding summary dismissal of action brought against a county jail, because it was not a suable entity). Likewise, Defendant Brooklyn Center Police Department is not suable entity. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government").

618, n. 3 (8th Cir. 1995). Therefore, Plaintiff's present lawsuit is plainly time-barred.

For all of the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 24, 2011

    s/Arthur J. Boylan
    ARTHUR J. BOYLAN
    Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 8, 2011.