UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1303(DSD/AJB)

Courtney Richmond,

       Plaintiff,

v.                                     **ORDER**

Brooklyn Center PD, Hennepin
County Jail, Hennepin County
Medical Center, individually
officers, Brian Robert Bruce,
Garrett Flesland, and Mike Reynolds,

       Defendants.


This matter is before the court upon the pro se objections of plaintiff Courtney Richmond to the report and recommendation of Chief Magistrate Judge Arthur J. Boylan. After a de novo review of the report, and based on the file, record and proceedings herein, the court overrules the objections and adopts the report and recommendation.


**BACKGROUND**

This action arises out of a lawsuit filed by Richmond in 2003 against the City of Brooklyn Center and three police officers. In April 2005, a jury found one police officer liable for an unreasonable strip search, but found that the strip search did not cause injuries to Richmond. See Special Verdict Form, Richmond v. City of Brooklyn Center, No. 03-cv-3195 (filed April 28, 2005). Following post-trial motions, the parties filed cross appeals, and

the Eighth Circuit reversed, finding the police officer protected by qualified immunity, and remanded the case for dismissal. See Richmond v. City of Brooklyn Center, 490 F.3d 1002, 1009-10 (2007).

On May 19, 2011, Richmond filed the instant action against defendants Brooklyn Center PD, Hennepin County Jail, Hennepin County Medical Center, Officer Brian Robert Bruce, Officer Garrett Flesland and Officer Mike Reynolds. Richmond claims that defendants failed to give him copies of his medical records, and that their acts injured him by causing the jury not to assign damages. The magistrate judge recommends dismissing the complaint because it fails to identify any constitutional right or act which could be construed as a violation of a constitutional right. Plaintiff objects, claiming that defendants conspired to deprive him of due process by fraudulently concealing medical records when requested for use in his civil case in "2003-2005"  Pl.'s Objections 1. The court now considers the objections.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). The court construes Richmond's complaint as an action under 42 U.S.C. § 1983.[1]

---

[1] The court notes that HIPAA is not implicated in this action. Adams v. Eureka Fire Protection Dist., 352 F. App'x 137, 139 (8th (continued...)

In Minnesota, the statute of limitations for § 1983 claims is six years. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 n.3 (8th Cir. 1995). Under Minnesota law, a claim accrues when some damage has occurred, that is, "when the plaintiff can allege sufficient facts to survive a motion to dismiss for failure to state a claim upon which relief can be granted." Antone v. Mirviss, 720 N.W.2d 331, 335 (Minn. 2006). In the present case, Richmond claims that he was denied his medical records in "2003-2005." The underlying civil trial occurred in April 2005. Assuming he was damaged at all by the inability to get medical records, Richmond suffered that damage upon the verdict of the jury. Id. at ¶ 3. Richmond filed the present action on May 19, 2011.² Therefore, more than six years have passed, and this action is time-barred.

Moreover, even if this action were not barred by the statute of limitations, dismissal is also warranted on the merits. The argument that Richmond was harmed by the reduction of the jury award is frivolous: the medical records had no effect on the ultimate disposition of the action. The Eighth Circuit found the police officer protected by qualified immunity. See Richmond, 490

---

¹(...continued)
Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action.").

² The court notes that the complaint is dated January 15, 2009; however it was not filed until May 19, 2011.

F.3d at 1009 (2007).  As a result, the Eighth Circuit vacated the judgment, and directed judgment in favor of defendants.  Id. at 1010.  The qualified-immunity analysis was unrelated to Richmond's medical records, and the outcome of the case would have been the same whether or not Richmond had those records.  Therefore, dismissal is warranted for this additional reason.[3]

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Richmond's objections are overruled in part, consistent with this order;

2. The report and recommendation [ECF No. 3] is adopted;

3. The application to proceed in forma pauperis [ECF No. 2] is denied; and

4. This action is summarily dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 7, 2011

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[3] Richmond also objects to the use of female pronouns to refer to him in the report and recommendation.  The court sustains this objection, but notes that it has no effect on the substance of the report and recommendation.